IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAY NELSON LEAVER, | : Civil No. 1:26-CV-01659 |
| Plaintiff, | : |
| v. | : |
| | : (Chief Magistrate Judge Bloom) |
| COMMUNITY REALTY MANAGEMENT, INC. | : |
| Defendant. | : |

## MEMORANDUM OPINION

### I. Introduction

This is a civil action filed by the *pro se* plaintiff, Jay Nelson Leaver.[1] Leaver brings this action against his former employer, Community Realty Management, Inc. ("Community Realty") pursuant to the Fair Labor Standards Act ("FLSA"), alleging that he was retaliated against after complaining of unreimbursed mileage and wage suppression.[2] Community Realty subsequently filed a motion to dismiss.[3] The motion

[1] Docs. 1, 5.
[2] *Id.*
[3] Doc. 14.

is fully briefed and ripe for resolution.[4] After consideration, the defendant's motion will be granted.

## II. Statement of Facts and of the Case

Leaver was employed as maintenance professional by property management company, Community Realty.[5] Community Realty's principal corporate headquarters is located in New Jersey, which also appears to be its state of incorporation.[6] Leaver was stationed in Lebanon, Pennsylvania, and his position required him to travel across Pennsylvania to various properties managed by Community Reality.[7] Leaver used his personal vehicle for this travel and contends that Community Realty failed to reimburse him for his mileage.[8] In addition to allegedly withholding Leaver's reimbursement, Leaver contends Community Realty offered him a raise to $25.00 per hour, but Regional Manager Tawana Johnson arbitrarily capped his pay to $22.52 per hour.[9]

---

[4] Docs. 15, 16, 18.
[5] Doc. 5 ¶ 4-5.
[6] *Id.* ¶ 4;
[7] Doc. 5 ¶ 6.
[8] *Id.* ¶ 7.
[9] *Id.* ¶ 8.

Leaver alleges that he engaged in protected activity in August of 2025 by submitting a complaint to Community Realty's Human Resources department, outlining his mileage reimbursement and wage dispute.[10] In response to his complaint, Leaver alleges that Community Realty constructively discharged him roughly two months later by "physically locking [him] out of his home property at Lebanon Village. . ." and "refus[ing] to allow [him] to return to his designated site[.]"[11]

Following the separation, Community Realty allegedly ignored Leaver's request for a summary of his timesheets.[12] Leaver also sent a formal demand letter to Community Realty, seeking to resolve the dispute regarding his unpaid wages, mileage, and retaliatory lockout, which he contends also went ignored.[13] In November of 2025, however, Community Realty issued checks amounting to $3,000 to Leaver, which Leaver alleges is admission that Community Realty "illegally withh[eld] [his] earned wages and mileage reimbursements throughout his tenure."[14]

---

[10] *Id.* ¶ 9.
[11] *Id.* ¶ 10-11.
[12] *Id.* ¶ 12-13.
[13] *Id.* ¶ 14-15.
[14] *Id.* ¶ 16.

It is against this factual backdrop that Leaver initiated the instant action.[15] In July of 2026, Leaver filed an amended complaint, asserting claims of unlawful retaliation based upon constructive discharge and FLSA violations for withholding his mileage reimbursement and suppressing his wages.[16] In August of 2026, Community Realty moved to dismiss Leaver's amended complaint. Community Realty assert that (1) Leaver did not engage in a protected activity and, therefore, cannot state a prima facie case of retaliation, and (2) Leaver's mileage reimbursement and wage suppression theories are not cognizable under the FLSA.[17] The motion is fully briefed and is ripe for resolution.[18] For the following reasons, we will grant the defendant's motion to dismiss.

## III. Discussion

### A. Screening of *Pro Se* Complaints – Standard of Review

We have a statutory obligation to preliminarily review *pro se* complaints brought by plaintiffs given leave to proceed *in forma pauperis*.[19] We review such complaints to determine whether there are

[15] Doc. 1.
[16] Doc. 5 ¶ 17-19.
[17] Doc. 15.
[18] Docs. 16, 18.
[19] *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

frivolous or malicious claims, or if the complaint fails to state a claim upon which relief may be granted.[20] This statutory preliminary screening mirrors review under Rule 12(b)(6) of the Federal Rules of Civil Procedure, which provides for dismissal of a complaint for "failure to state a claim upon which relief can be granted."[21]

With respect to this legal benchmark, under federal pleading standards a plaintiff is required to set forth a "short and plain statement of the claim showing that the pleader is entitled to relief."[22] In determining whether a complaint states a claim for relief under this pleading standard, a court must accept the factual allegations in the complaint as true and accept "all reasonable inferences that can be drawn from them after construing them in the light most favorable to the non-movant."[23] However, a court is not required to accept legal conclusions or "a formulaic recitation of the elements of a cause of action."[24]

---

[20] *Id.*
[21] Fed. R. Civ. P. 12(b)(6).
[22] Fed. R. Civ. P. 8(a)(2).
[23] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994).
[24] *Id.*; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

As the Third Circuit Court of Appeals has aptly summarized:

> [A]fter *Iqbal*, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. . . . Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a plausible claim for relief. . . . In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. . . . As the Supreme Court instructed in *Iqbal*, where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief. . . . This "plausibility" determination will be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.[25]

Generally, when considering a motion to dismiss, a court relies on the complaint and its attached exhibits, as well as matters of public record.[26] A court can also consider "undisputedly authentic document[s] that a defendant attached as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] documents."[27] Additionally,

---

[25] *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009) (citation modified).

[26] *Sands v. McCormick*, 502 F.3d 263, 268 (3d Cir. 2007).

[27] *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

if the complaint relies on the contents of a document not physically attached to the complaint but whose authenticity is not in dispute, the court may consider such document in its determination.[28] However, the court may not rely on any other part of the record when deciding a motion to dismiss.[29]

Finally, when reviewing a *pro se* complaint, we are reminded that such complaints are to be construed liberally, "so 'as to do substantial justice.'"[30] We must apply the relevant law even if the *pro se* plaintiff does not mention it by name.[31]

B. <u>This Complaint will be Dismissed with Leave to Amend.</u>

Community Realty argues Leaver's complaint fails to state a claim because Leaver's claims for mileage reimbursement and wage suppression are not cognizable under the FLSA. We agree.

---

[28] *See Pryor v. Nat'l Collegiate Athletic Ass'n*, 288 F.3d 548, 560 (3d Cir. 2002).
[29] *Jordan*, 20 F.3d at 1261.
[30] *Alston v. Parker*, 363 F.3d 229, 234 (3d Cir. 2004) (quoting Fed. R. Civ. P. 8(f)).
[31] *Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d Cir. 2003) (citing *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002)).

"The FLSA establishes federal minimum-wage, maximum-hour, and overtime guarantees that cannot be modified by contract."[32] Leaver alleges that Community Realty refused to reimburse him for his travel mileage and suppressing his hourly pay "below the market standard offered to other employees[.]"[33] Specifically, Leaver alleges that he was paid $22.52 per hour, despite previously being offered a raise to $25.00 per hour.[34] Leaver's complaints regarding his mileage reimbursement and the general adequacy of his wage have no relation to the FLSA's minimum wage and overtime requirements.[35] Accordingly, Leaver's claims are not cognizable under the FLSA and will be dismissed.

---

[32] *Cohen v. BH Media Grp., Inc.*, 419 F. Supp. 3d 831, 847 (D.N.J. 2019) (quoting *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 69 (2013)); *see Sec'y United States Dep't of Lab. v. Comprehensive Healthcare Mgmt. Servs. LLC*, 177 F.4th 427, 434 (3d Cir. 2026) ("The text of the FLSA is clear. The FLSA obligates employers to pay nonexempt employees: (1) a minimum wage, 29 U.S.C. § 206, and (2) overtime pay for hours worked in excess of 40 hours per workweek at a rate not less than one-and-one-half times employees' regular rate of pay. . . ."); 29 U.S.C. § 206(a) (setting federal minimum wage to $7.25 an hour).

[33] Doc. 5 ¶ 19.

[34] *Id.* ¶ 8.

[35] *See Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 244 (3d Cir. 2014) ("[W]e agree with the clear weight of authority and hold that pure gap time claims—straight time wages for unpaid work during pay periods without overtime—are not cognizable under the FLSA, which requires payment of minimum wages and overtime wages only.); *Jedlicka v. Simmons & Companies, Inc.*, No. 2:23-CV-00606-CCW, 2024 WL 98378,

Turning to Leaver's retaliation claim, "[u]nder the FLSA, it is unlawful to 'discharge or in any matter discriminate against an employee because that employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter.'"[36] "Under the *McDonnell Douglas* framework, a plaintiff asserting a retaliation claim first must establish a prima facie case by showing (1) that [he] engaged in protected employee activity; (2) adverse action by the employer either after or contemporaneous with the employee's protected activity; and (3) a causal connection between the employee's protected activity and the employer's adverse action."[37]

---

at *2 (W.D. Pa. Jan. 9, 2024) (dismissing FLSA and PMWA claims for "regular wages, commission on investments, and hours worked while on vacation" because the plaintiff was paid over minimum wage); *Owens v. Insomnia Cookies, LLC*, No. 24-CV-6434 CJS, 2026 WL 2137251, at *7 (W.D.N.Y. July 24, 2026) (dismissing a plaintiff's FLSA claim where her unreimbursed vehicle expenses did not cause her to be paid less than federal minimum wage).

[36] *Cohen*, 419 F. Supp. 3d at 850 (quoting 29 U.S.C. § 215(a)(3).

[37] *Daniels v. Sch. Dist. of Philadelphia*, 776 F.3d 181, 193 (3d Cir. 2015) (citation modified) (quoting *Marra v. Phila. Hous. Auth.*, 497 F.3d 286, 300 (3d Cir.2007)); *see Cononie v. Allegheny Gen. Hosp.*, 29 F. App'x 94, 95 (3d Cir. 2002) ("The appropriate framework for analyzing claims of unlawful retaliation under the FLSA is the familiar burden-shifting framework articulated in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973).").

A complaint based upon an employee's good faith belief that his employer is in violation of the FLSA constitutes protected activity.[38] "However, a complaint will only trigger antiretaliatory safeguards if the plaintiff asserts it in subjective good-faith and with an objectively reasonable belief that her employer violated the law."[39]

Here, Leaver alleges that he engaged in protected activity by complaining of mileage reimbursement and wage suppression, and that he was subsequently retaliated against and constructively discharged. But even accepting Leaver's view of the facts, his complaint regarding mileage reimbursement and wage suppression cannot be construed as asserting a right protected by FLSA—which governs federal minimum-wage, maximum-hour, and overtime guarantees. Nor was it objectively reasonable for Leaver to believe that Community Realty actions violated

---

[38] *See Cohen*, 419 F. Supp. 3d at 850; *Kasten v. Saint-Gobain Performance Plastics Corp.*, 563 U.S. 1, 14 (2011).

[39] *Eaton v. Commonwealth Health Sys., Inc.*, 631 F. Supp. 3d 236, 243 (M.D. Pa. 2022); *see Cohen*, 419 F. Supp. 3d at 850 (recognizing that an employee's complaint "must be sufficiently clear and detailed so as to demonstrate that the employee is asserting rights protected by the FLSA").

federal law.[40] Thus, we will dismiss Leaver's retaliation claim because he failed to show he engaged in protected activity.

Finally, while we have concluded that this complaint fails to state a claim at this time, recognizing that the plaintiff is *pro se*, we will dismiss his claims without prejudice to afford Leaver an opportunity to amend the complaint to endeavor to state a claim upon which relief may be granted.[41]

## IV. Conclusion

For the foregoing reasons, the defendant's motion to dismiss will be GRANTED. The plaintiff's amended complaint will be DISMISSED WITHOUT PREJUDICE to allow the plaintiff an opportunity to amend his complaint to remedy the deficiencies we have identified.

---

[40] *See Szewczyk v. United Parcel Serv., Inc.*, No. CV 19-1109, 2019 WL 5423036, at *7 (E.D. Pa. Oct. 22, 2019) ("Where, as here, the Complaint alleges only that Szewczyk complained to his manager that he was not paid for all hours worked and does not allege that he did not receive overtime due or that he was not paid minimum wage, no reasonable, objective person could have understood him to be asserting rights under the FLSA. We therefore conclude that the Complaint does not plausibly allege protected activity."); *Eaton,* 631 F. Supp. 3d at 244 (holding that an employee's complaint was not protected activity because it was not objectively reasonable to believe the employer's conduct of docking accrued leave violated the FLSA).

[41] *See Fletcher-Harlee Corp. v. Pote Concrete Contractors*, 482 F.3d 247, 253 (3d Cir. 2007); *Alston*, 363 F.3d at 235.

An appropriate order follows.

*s/ Daryl F. Bloom*
Daryl F. Bloom
Chief United States Magistrate Judge

Dated: November 23, 2026